Filed 4/15/14  P. v. Hill CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TITUS GERRELL HILL,<br><br>        Defendant and Appellant. | A139930<br><br>(Sonoma County<br>Super. Ct. No. SCR634683) |

Titus Gerrell Hill (appellant) appeals from his conviction, and resulting sentence. The conviction followed appellant's no contest plea to one count of corporal injury (Pen. Code,[1] § 273.5, subd. (a)), and his admission to a January 2007 prior conviction for which he was committed to state prison, within the meaning of section 667.5, subdivision (b).

Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  In a declaration filed with this court, counsel states that appellant has been notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

We note that appellant has not obtained a certificate of probable cause, which is required by section 1237.5, when a defendant seeks to appeal from a judgment entered following a guilty or no contest plea.[2]  A certificate is not required when the notice of appeal states, as appellant's does here, that the appeal is based upon the sentence or other matters occurring after the plea that do not affect the validity of the plea.  Accordingly, we have reviewed the whole record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, focusing upon grounds for appeal arising after entry of the plea.  Having done so, we conclude that there is no arguable issue on appeal.

### Procedural Background of Case

A misdemeanor complaint was filed by the Sonoma County District Attorney's Office on May 30, 2013, alleging one count of corporal injury (§ 273.5, subd. (a)) occurring on May 28, 2013.  A first amended misdemeanor complaint was filed the next day adding a count of corporal injury; this one alleged to have occurred on May 20, 2013.  Appellant entered a not guilty plea to the amended complaint.

Thereafter, a second amended felony complaint was filed on June 26, 2013, charging appellant with two felony counts of corporal injury occurring on October 7, 2012, and April 19, 2013, respectively, and repeating the misdemeanor count of corporal injury alleged to have occurred on May 20, 2013.  The second amended felony complaint also alleged as enhancements that appellant had three separate prior state prison convictions within the meaning of section 667.5, subdivision (b).

A demurrer was filed by appellant contending that the filing of the second amended felony complaint was procedurally defective because the court did not have jurisdiction to allowed the amendment of the misdemeanor complaint by adding felony counts to it.  Appellant also made a motion for new counsel, pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.  The demurrer was thereafter overruled, and the *Marsden* motion was denied.  Appellant then entered not guilty pleas to all counts.  We discern no abuse of discretion in overruling the demurrer or in denying the motion.

---

[2]  In fact, appellant applied for a certificate following the conclusion of trial court proceedings, which was denied by the trial judge.

On July 5, 2013 appellant withdrew his plea of not guilty, and entered a plea of no contest to Count II of the second amended complaint.  A plea form was completed and signed by appellant indicating his acknowledgement of the rights he was waiving by pleading no contest.  The form also advised appellant that the plea was "open," and his could be sentenced to up to an aggregate term of five years in state prison as a result of the plea.  He also admitted the prior prison conviction enhancement alleged as to that count.  The prosecution dismissed the remaining charges and enhancements.  These same advisements and waivers were put on the record at the time appellant's plea was taken.

Sentencing took place on August 5, 2013, at which time a three-year state prison sentence was imposed for the corporal injury conviction, and one additional consecutive year added for the admitted prior prison conviction, for an aggregate state prison sentence of four years.  Other fines, penalties and conditions were imposed, and appellant was given a total of 140 days custody credit for time served.

## Conclusions Based Upon Independent Record Review

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.

We also discern no error in the plea disposition or in sentencing.  The sentence appellant received, and the restitution fines, penalties, and conditions imposed were supported by the law and facts.  At all times appellant was represented by counsel.

## DISPOSITION

The judgment is affirmed.

3

                        _____

                        RUVOLO, P. J.

We concur:

_____

RIVERA, J.

_____

HUMES, J.